IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **GREAT WEST CASUALTY COMPANY,** | § § § | |
| Plaintiff, | § § | |
| VS. | § § § | |
| **DEEPWELL ENERGY SERVICES, LLC, ON POINT OILFIELD OPERATIONS LLC, ON POINT OILFIELD HOLDINGS, LLC, AARON MONTANEZ, CLAUDIA MORALES, AND DANIELLE CALVILLO, INDIVIDUALLY AND AS REP. OF THE ESTATE OF DANIEL CALVILLO,** | § § § § § § § § § | CIVIL ACTION NO.  7:21-CV-207 |
| Defendants. | § | |

**PLAINTIFF, GREAT WEST CASUALTY COMPANY'S,
COMPLAINT SEEKING DECLARATORY JUDGMENT**

TO THE HONORABLE COURT:

Plaintiff, Great West Casualty Company, hereby files this Complaint seeking a declaratory judgment, and in support respectfully shows the Court as follows:

**I.
PARTIES**

1.      Plaintiff Great West Casualty Company ("Great West") is an insurance company organized under the laws of the State of Nebraska with its principal place of business in South Sioux City, Nebraska.  Great West is not a citizen of Texas.

2.      Defendant DeepWell Energy Services, LLC ("DeepWell") is a limited liability company organized under the laws of the State of Mississippi, with a principal pace of business in Mississippi. Upon information and belief, no member of DeepWell is citizen of Nebraska.

DeepWell may be served with process by serving its Registered Agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3.     Defendant On Point Oilfield Operations, LLC ("On Point Operations") is a limited liability company organized and existing under the laws of the State of Texas, with a principal place of business in Texas. Managing Members Trace Hight and Ashley Hight reside in Travis County, Texas.  Upon information and belief, no member of On Point Operations is a citizen of Nebraska. On Point Operations may be served through its Registered Agent, United States Corporation Agents, Inc. at 9900 Spectrum Dr., Austin, Texas 78717.

4.     Defendant On Point Oilfield Holdings, LLC ("On Point Holdings") is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business in Texas. Upon information and belief, all members of On Point Holdings are residents of Travis County, Texas and no member of On Point Holdings is a citizen of Nebraska. On Point Holdings may be served through its Registered Agent, Capitol Corporate Services, Inc., at 206 E. 9th St. Ste. 1300, Austin, Texas 78701.  On Point Operations and On Point Holdings are collectively referred to herein as the "On Point Entities" or "On Point."

5.     Defendant Aaron Montanez is an individual residing in Crane County, Texas who may be served with process at 118 Lena Dr., Crane, Texas 79731, or wherever he may be found. Mr. Montanez is not a citizen of Nebraska.

6.     Defendant Claudia Morales is an individual residing in Crane County, Texas who may be served with process at 118 Lena Dr., Crane, Texas 79731 or wherever she may be found. Ms. Morales is not a citizen of Nebraska.

7. Defendant Danielle Calvillo is an individual residing in Ector County, Texas who may be served with process at 3852 N. Sooner, Odessa, Texas 79764, or wherever she may be found. Ms. Calvillo is not a citizen of Nebraska.

## II.
## JURISDICTION

8. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of a different state than the Defendants, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

9. The Court has personal jurisdiction Defendant Montanez, Defendant Morales, Defendant Calvillo and the On Point Entities because they are citizens of the state of Texas. Defendant DeepWell has minimum contacts within Texas such that this Court's exercise of personal jurisdiction over DeepWell will comport with fair play and substantial justice and will not violate due process. These contacts, include but are not limited to, performing business operations at On Point's saltwater disposal facility in Midland, Texas, where the underlying events described herein occurred.

## III.
## VENUE

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## IV.
## FACTUAL BACKGROUND

11. Great West Casualty brings this claim for declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202.

12. This case arises out of two underlying lawsuits filed as a result of a January 15, 2019 explosion (the "Accident") at a saltwater disposal facility ("SWD Facility") owned or

operated by the On Point entities in Midland, Texas. DeepWell Energy Services, LLC provided contract services to the facility, including the provision of tanker trucks for transporting petroleum products. The explosion occurred during hydrofracking related activities at the SWD Facility.

13. DeepWell was sued in the lawsuit captioned and numbered *Aaron Montanez and Carmen Morales v. DeepWell Energy Services, LLC, Danielle Calvillo, Independent administratrix of the Estate of Daniel Ernesto Calvillo*, Cause no. D-20-08-0900-CV, In the 358th Judicial District Court of Ector County, Texas (the "Montanez Suit"). In that case, Plaintiffs allege that Aaron Montanez was injured while working for On Point. They allege that DeepWell sent out a vacuum truck operated by Daniel Calvillo to "skim oil from its water tanks then pump the skimmed oil back through the SWD facility." After filling his tank with skimmed oil, Cavillo "drove the vacuum truck around to off-load the skimmed oil at one of the inlet valves. Plaintiffs' allege during the off-loading, Calvillo spilled copious amounts of skimmed oil around the truck. According to Plaintiffs the negligence of DeepWell and Calvillo created a dangerous condition that caused a flash fire and as a result, Plaintiff Montanez suffered severe injuries, including burns to over 40% of his body.

14. The On Point Entities are defendants in a separate but related wrongful death case brought by the daughter of DeepWell employee Daniel Calvillo, numbered and styled *Danielle Calvillo , as Representative of the Estate of Daniel Calvillo, Deceased et al. v. On Point Oilfield Operations, LLC and On Point Oilfield Holdings, LLC*; Cause no. D-1-GN-19-003622; In The 200th Judicial District Court of Travis County, Texas (the "Calvillo Suit"). Plaintiff in the Calvillo Suit alleges the decedent, Daniel Calvillo, "was attempting to deposit hydrocarbons and/or hydrocarbon containing material" from his DeepWell tanker truck when a flash fire ignited, burning him to death.

15. Great West has named Aaron Montanez, Claudia Morales, and Danielle Calvillo, Individually and as Representative of the Estate of Daniel Ernesto Calvillo (collectively the "Underlying Lawsuit Plaintiffs") as Defendants in this lawsuit because they seek recovery from Great West insured(s) in their respective lawsuits and are therefore potential judgment creditors of either DeepWell or the On Point Entities.

16. There is an actual controversy under the Declaratory Judgment Act between Great West, DeepWell, the On Point Entities, and the Underlying Lawsuit Plaintiffs.

## V.
## GREAT WEST'S INSURANCE POLICY

17. To the extent not inconsistent herewith, Paragraphs 1-16 are incorporated herein by reference. Great West issued Truckers Excess Policy no. TEP00025C to multiple named insureds including DeepWell Energy Services, LLC, effective October 1, 2018 to October 1, 2019, with limits of $4 million per occurrence and in the aggregate (the "Policy"). The Policy has a self-insured retention of $1 million.

18. Subject to other terms, exclusions and conditions, the Policy's Insuring Agreement provides "[s]ubject to the limit of insurance…[Great West] will pay the 'ultimate net loss' that exceeds your 'Self-Insured Retention' and arises out of an 'occurrence' taking place during the policy period…." This obligation includes "sums an 'insured' becomes legally obligated to pay as damages for 'bodily injury…or 'property damage' arising out of an 'occurrence' in your 'trucking business'"

19. "Ultimate Net Loss" means the total sum paid by or on behalf of all 'insureds' as damages in settlement of a claim or in satisfaction of a judgment, including prejudgment interest, for which you are legally liable, and for 'losses' otherwise incurred for which coverage is provided

under this Policy after making deductions for all other recovery, salvage, insurance (whether recoverable or not), contribution and reimbursement…." *See* End. GU 49 16 01 87.

20.     The Policy has an Additional Insured endorsement which provides Additional Insured status "PER LIST ON FILE WITH GREAT WEST CASUALTY COMPANY." *See* End. CX 00 20 07 10. This additional insurance grant applies "only if [the additional insured] is liable for [DeepWell's] conduct and only to the extent of that liability." *Id.*  The additional insured coverage is "subject to all the terms. conditions and exclusions of the policy including the 'self-insured retention', and all endorsements attached." The additional insurance coverage "does not increase our Limits of Insurance" specified in the Policy declarations.

21.     The On Point Entities tendered defense and indemnity for the Montanez and Calvillo Suit to DeepWell pursuant to a Master Service Agreement between them. Great West has accepted the On Point Entities' status as an additional insured under the Policy. Great West has reserved all rights under the Policy as to both DeepWell and On Point.

22.     The Great West Policy is an indemnity only policy. There are no policy terms that obligate Great West to defend any insured at any time. Great West's only obligation under the Policy is indemnification of covered losses.

23.     Great West seeks a declaration that it has no duty to defend DeepWell or the On Point Entities in the Montanez or Calvillo Suit, and a declaration that it has no duty to indemnify any party, including the Underlying Lawsuit Plaintiffs, for any judgment obtained in the Montanez Suit or Calvillo Suit.

## VI.
## COUNT I – HYDROFRACKING EXCLUSION

24.     To the extent not inconsistent herewith, Paragraphs 1-23 are incorporated herein by reference.

25. The Policy contains a Hydrofracking Exclusion endorsement that modifies coverage under the Policy. It provides "this insurance does not apply to 'bodily injury'…arising, in whole or in part, out of 'hydrofracking' or the storage or disposal of any 'flowback' by any 'insured' or by any other person or entity." This exclusion also precludes coverage for any "[p]ayment for the investigation or defense" "or any cost, fine or penalty" related to the aforementioned tasks. *See* End. CX 00 55 05 12

26. The endorsement defines hydrofracking or hydraulic fracturing as "the process by which water, proppants and/or chemicals are injected at high pressure into underground geologic formation to create fractures, to facilitate the extraction of natural gas and/or oil." *Id.* "Flowback or produced water" is defined as "any wastewater containing returned 'hydrofracking' fluid, including but not limited to water, proppants, 'hydrofracking' fluid additives; and, any hydrocarbon compounds, salts, conventional pollutants, organics, metals, and naturally occurring radioactive material brought to the surface with the wastewater." *Id.*

27. The injuries alleged in the Montanez Suit, and the death of Mr. Calvillo as alleged in the Calvillo Suit arose, in whole or in part, out of "hydrofracking" and/or the storage or disposal of "flowback" as those terms are defined in the Policy.

28. The Policy does not afford coverage for the Montanez Suit or Calvillo Suit, and therefore Great West has no duty to indemnify any Defendant named herein for any judgment obtained in the Montanez Suit or Calvillo Suit.

## VII.
## COUNT II – POLLUTION EXCLUSION

29. To the extent not inconsistent herewith, Paragraphs 1-28 are incorporated herein by reference.

30. The Policy contains a Pollution Exclusion that modifies coverage under the Policy. It states in pertinent part as follows:

> **2. EXCLUSIONS**
> The insurance provided by this Policy does not apply to:
> \* \* \*
> d. **POLLUTION**
> (1) "Bodily injury" liability, "personal and advertising injury" liability or "property damage" liability arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":
> \* \* \*
> (b) At or from any premises, site or location which is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;
> (c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for
> (i) Any "insured"; or
> (ii) Any person or organization for whom you may be legally responsible
> \* \* \*
>
> "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

31. The injuries alleged in the Montanez Suit, and the death of Mr. Calvillo as alleged in the Calvillo Suit arose, in whole or in part, out of the release or escape of "pollutants" as that term is defined in the Policy. Specifically, the oilfield waste, "skimmed oil" and/or "flowback escaping the DeepWell truck and/or the On Point facility piping and igniting.

32. Based on the foregoing, the Policy does not afford coverage for the Montanez Suit or Calvillo Suit, and therefore Great West has no duty to indemnify any Defendant named herein for any judgment obtained in the Montanez Suit or Calvillo Suit.

## VIII.
## COUNT III – EXCLUSION OF COMMERCIAL LIABILITY COVERAGE

33. To the extent not inconsistent herewith, Paragraphs 1-32 are incorporated herein by reference.

34. The Policy also contains an Exclusion of Commercial General Liability Coverage endorsement that applies to certain entities that appear in the endorsement's schedule, including DeepWell. It further provides the Policy "does not provide liability coverage for those sums an 'insured' becomes legally obligated to pay as damages arising out of an "occurrence" unless they result from the ownership, maintenance or use of an 'auto.'" To the extent applicable, this endorsement also precludes indemnity coverage.

## IX.
## CONCLUSION

35. Pursuant to the above-cited provisions, there is no coverage under the Policy for the Underlying Lawsuit because one or more of the exclusions or provisions discussed above apply. As a result, Great West seeks a declaration that it has no duty indemnify the Defendants herein for any of the claims asserted in the Underlying Lawsuit or any award or judgment rendered.

## X.
## PRAYER

For the reasons set forth above, Great West Casualty Company asks for judgment against Defendants DeepWell Energy Services, LLC, On Point Oilfield Operations, LLC, On Point Oilfield Holdings, LLC, Aaron Montanez, Claudia Morales, and Danielle Calvillo for:

    a. A declaration that Great West Casualty Company owes no duty to defend DeepWell or the On Point Entities in the Montanez Suit;

b. A declaration that Great West Casualty Company owes no duty to defend any DeepWell or the On Point Entities in the Calvillo Suit;

c. A declaration that Great West Casualty Company owes no duty to indemnify any Defendant for any judgment obtained in the Montanez Suit;

d. A declaration that Great West Casualty Company owes no duty to indemnify any Defendant for any judgment obtained in the Calvillo Suit;

e. Costs of court; and

f. All other relief deemed appropriate by the Court.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Sarah R. Smith*
Sarah R. Smith
Texas Bar No. 24056346
Allison N. Griswold
Texas Bar No. 24074320
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
sarah.smith@lewisbrisbois.com
allison.griswold@lewisbrisbois.com

*ATTORNEYS FOR GREAT WEST CASUALTY COMPANY*

4846-8109-6917.1